In the Matter of NICHOLAS F. IVONE, an Attorney, Respondent.

First Department, April 13, 1934.

*Einar Chrystie*, for the petitioner.

*Herman Schwartz*, for the respondent.

Finch, P. J. This is a motion to confirm the report of a referee sustaining a charge of professional misconduct against an attorney.

The respondent was admitted to practice as an attorney and counselor at law in the State of New York on May 9, 1927, at the May, 1927, term of the Appellate Division of the Supreme Court, First Department.

The evidence amply sustains the charge.

Respondent is charged with having converted to his own use the sum of approximately $600, given to him by two mortgagors for the sole purpose of paying taxes and assessments on the closing of the mortgage loan. Respondent converted the entire sum to his own use and did not pay any part of said taxes and assessments until three months later, and after complaint had been made to the committee on grievances of petitioner and respondent had been notified of that complaint.

On account of the absence of respondent from the State, the petitioner procured an order directing service without the State. Service was effected upon respondent at Felitto, Province of Salerno, Italy.

Respondent appeared by counsel and submitted an answer verified by his attorney. The answer denies that the respondent converted the moneys referred to in the petition. The respondent further alleges that the money was deposited in his personal bank account and about two weeks thereafter there was deposited by him in his special account a sum sufficient to cover the amount received by him. The answer further alleges that at no time did the respondent use any part of the special funds for his own purposes, and that respondent had delayed the payment of the taxes because he had his office in the borough of Bronx and the taxes were to be paid to the city collector of Long Island City and respondent delayed payment from time to time " expecting to have other matters in the same office and to dispose of all matters at the same time."

Not only did the respondent convert to his own use this money received for the sole and special purpose of paying the taxes, but the allegations in his answer that he did not use any part of the money for his own purposes and that he withdrew the money and deposited it in his special bank account were wholly false. The allegations of the answer are substantially the same as the statements made by the respondent when he appeared before the committee on grievances of the petitioner.

Ample opportunity was afforded by the referee for respondent to appear before him. Counsel for respondent communicated with him but received no answer from the respondent, except that the

petition was mailed to counsel for respondent with the request to take care of it for respondent. At the suggestion of the referee, counsel wrote to respondent, by registered mail with a demand for return receipt. Counsel produced a copy of the letter which he had written to respondent, together with a return receipt signed by respondent. The respondent did not appear, and counsel stated that his letter to him remained unanswered. Counsel for respondent states in an affidavit of character as follows: " The respondent at the present time is residing at Felitto, in the Province of Salerno, Italy. Economic conditions, which made it extremely difficult for him to earn a livelihood in the practice of law compelled him to leave this country and go to Italy where he owns some property, the income from which, although insufficient to live on in this country, is sufficient to support him and the members of his family in Italy.

" I have appeared as attorney for the respondent in this proceeding, and have offered no defense to the charges contained in the petition."

Counsel for respondent then goes on to state that he has known respondent for over seventeen years and has always found him honest, reliable and of excellent moral character, and that respondent enjoyed the same reputation among his other friends and acquaintances, and that he has made restitution. Counsel also believes that respondent was driven by economic need to commit the act of conversion and believes that when conditions have improved the respondent will return to this country and endeavor to earn a living honestly.

As noted, not only did respondent convert the money which was given to him for a special purpose, namely, to pay taxes, and also interpose a false answer, but in addition he testified before the committee on grievances that the sum so received remained in his personal bank account for a little over two weeks, when he transferred the same to the Banca Pasca, situated on First avenue, in the borough of Manhattan. Respondent further testified that he kept with Banca Pasca these funds in a special account, and that he had in that account more than $616.94 beyond December 8, 1931. The statements made by the respondent were false and have been so found by the referee. His personal account showed that just prior to his deposit of the check which he received from the mortgagors the balance to his credit was $459.78. After September 11, 1931, until December 8, 1931, his balance was always below $616, with the exception of September nineteenth and twentieth, when his balance reached the maximum of $793.42. It was further proven that respondent kept a personal account in

Pasca's bank. In the month of August, 1931, the largest amount to his credit in that account was $205. On August thirtieth the balance to his credit was sixty-two dollars and ten cents. It was never larger from then on. On September 18, 1931, it dwindled to four dollars and sixty cents, where it remained until the end of the year 1931. In addition, respondent kept with Pasca two trust accounts for his infant children, neither of which exceeded at any time seventy dollars.

This record shows, therefore, that the respondent not only converted the money received for a special purpose, but he also deliberately put in a false answer and deliberately testified falsely before the committee on grievances of the petitioner, namely, that he had taken the money out of his personal account and redeposited it in the Banca Pasca, which was wholly false.

The respondent is unfit to remain a member of the bar and should be disbarred.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Respondent disbarred.